PEOPLE *v.* FERRISE. ·

1. CRIMINAL LAW—EVIDENCE—SEARCHES AND SEIZURES—CONSTITU-
TIONAL LAW.

Where a motorman charged with having in his posses-
sion keys with which to open fare box in violation of
3 Comp. Laws 1915, § 15334, asked the officer to accom-
pany him to his home, where he opened a box, took out
the keys and handed them to the officer, there is no merit
in his contention on the trial that said keys were in-
admissible in evidence because obtained in violation of the
search and seizure provision of the State Constitution
(art. 2, § 10), in the absence of anything in the record
to show that his actions in surrendering said keys were
not free and voluntary.

2. JUDGES—EXAMINING MAGISTRATE—DISQUALIFICATION OF JUDGE—
RECORDER'S COURT OF DETROIT.

That a judge of the recorder's court of the city of Detroit
acted as a police magistrate at the preliminary examina-
tion under the provisions of Act No. 369, Pub. Acts 1919,
and held defendant for trial, would not disqualify him
from acting as trial judge in said case in the absence of
a claim of personal bias or prejudice on the part of the
judge.

3. SAME—APPELLATE JURISDICTION—APPLICABILITY OF STATUTE.

Since the offense with which defendant was charged was
not cognizable by a police magistrate, and in the trial
of defendant the recorder's court did not exercise appel-
late jurisdiction, the provisions of 3 Comp. Laws 1915,
§ 12255, that "no judge of an appellate court * * *
shall decide or take part in the decision of any cause
or matter which shall have been determined by him
while sitting as a judge of any other court," are not
applicable to the case at bar.

4. CRIMINAL LAW—ADMISSIONS—EVIDENCE—INTENT.

Statements made by accused respecting his possession
and use of the keys were admissible in evidence for their

For authorities discussing the question as to whether partici-
pation in a judicial capacity in other proceedings against ac-
cused as disqualifying judge to preside at trial, see note in
45 L. R. A. (N. S.) 525.

bearing on the question of intent, which is an element of the offense.

5. SAME—TRIAL—INSTRUCTIONS AS TO DEFENDANT'S FAILURE TO TESTIFY.

Although 3 Comp. Laws 1915, § 12552, provides that the trial court shall not permit any reference or comment to be made to or upon accused's neglect to testify, it was not error for the trial judge, of his own motion, to instruct the jury that the fact that defendant did not take the stand must not be taken by them as in any sense an admission, or evidence, of his guilt.

6. SAME—USE OF WORD "DECLINE" TO TESTIFY SUSTAINED.

The use by the trial judge of the word "decline" to testify, instead of the statutory word "neglect," held, not reversible error.

7. SAME—INSTRUCTIONS AS TO GOOD CHARACTER SUSTAINED.

An instruction that, however good a man's reputation may have been in the past, if the proof of his guilt is clear and convincing it is the duty of the jury to convict, held, not erroneous.

8. SAME—EVIDENCE—SUFFICIENCY—QUESTION FOR JURY.

Evidence of defendant's possession of the keys and of his intent as to them, held, to make a case for the jury.

Error to recorder's court of Detroit; Marsh (Pliny W.), J. Submitted April 14, 1922. (Docket No. 126.) Decided July 20, 1922.

John Ferrise was convicted of having burglar's tools in his possession and sentenced to imprisonment for not less than 2 nor more than 10 years in the State prison at Jackson. Affirmed.

*Colombo, Colombo & Colombo,* for appellant.

*Merlin Wiley,* Attorney General, *Paul W. Voorhies,* Prosecuting Attorney, and *John V. Brennan* and *Robert M. Toms,* Assistants Prosecuting Attorney, for the people.

CLARK, J. Defendant was a motorman on a street

railway in Detroit. A car upon which he was working was found with an open fare box. He was first charged, it seems, with larceny and arrested, but later he was charged with and held to trial for a violation of section 15334, 3 Comp. Laws 1915:

"Every person who shall knowingly have in his possession, any engine, machine, tool or implement, adapted and designed for cutting through, forcing or breaking open any building, room, vault, safe or other depository, in order to steal therefrom any money or other property, knowing the same to be adapted and designed for the purpose aforesaid, shall be, on conviction thereof, punished by imprisonment in the State prison not more than ten years, or by imprisonment in the county jail not more than one year, or a fine not exceeding one thousand dollars, or both such fine and imprisonment, at the discretion of the court."

The information, to which defendant pleaded, followed substantially the language of the statute. At police headquarters he admitted having in his possession certain keys. He asked an officer to accompany him to his home. The officer entered the house at his request. There defendant opened a box on a table and took out seven keys, gave them to the officer, saying, "Here are the keys to the fare boxes." There was evidence tending to show that defendant had opened the fare boxes, using the keys, and had taken money therefrom, and that the keys were counterfeit, designed for the purpose of opening the fare boxes. Defendant was not a witness. There was testimony of his good reputation. He was convicted. His assignments of error present the following questions:

1. That it was error to deny his motion made before trial for a return of the keys and to receive them in evidence as having been obtained in violation of the search and seizure provision of the State Constitution, art. 2, § 10, and of art. 2, § 16. There is

nothing in the record to indicate that the acts of defendant in inviting the officer to his home, in requesting him to enter, in opening the box and in giving him the keys, were not free and voluntary, and therefore there is no merit in the contention.

2. That Judge Marsh, who, agreeable to Act No. 369, Pub. Acts 1919, acted as a police magistrate at the preliminary examination and held the defendant for trial in the recorder's court for the city of Detroit, was thereby disqualified to sit as the trial judge in said court and cause. There is no claim of personal bias or prejudice upon the part of the judge.

The general rule is stated in *State, ex rel. Nowakowski,* v. *Lockridge,* 45 L. R. A. (N. S.) 525 (6 Okla. Crim. Rep. 216, 118 Pac. 152, Ann. Cas. 1913C, 251), quoting from syllabus:

"The mere fact that a judge * * * has conducted a preliminary examination which resulted in the prosecution of a defendant, in the absence of any showing of personal bias or prejudice upon the part of such judge against the defendant does not constitute such 'prejudice' as will disqualify the judge from presiding at the trial of the defendant."

See, also, 25 L. R. A. 114; 45 L. R. A. (N. S.) 526; 23 Cyc. p. 586.

But defendant cites section 12255, 3 Comp. Laws 1915:

"No judge of an appellate court, or of any court to which a writ of certiorari or of error shall be returnable, shall decide or take part in the decision of any cause or matter which shall have been determined by him while sitting as a judge of any other court."

We think the statute is not applicable to the case at bar. The offense was not cognizable by a police magistrate. Respecting this cause the recorder's court did not exercise appellate jurisdiction.

3. Objection was made to testimony of statements made by the accused in conversation respecting his

possession and use of the .keys.   We think that the testimony received and permitted to remain was proper as indicating intent, which is an element of the offense.   See *People* v. *Donovan*, 216 Mich. 231.

4. The following from the charge:

"In this case the defendant himself has not taken the stand in his own behalf.   You have no right, and I charge you as a matter of law, that you have no right to take the fact that he has not taken the stand in any sense as an admission of guilt on his part.   It is his right under the law to take the stand or decline to do so, as he may elect, and the fact that he does not take the stand is not in any sense an evidence of his guilt in the case."

This is said to be erroneous; that section 12552, 3 Comp. Laws 1915, provides that the court shall not permit any reference or comment to be made to or upon the accused's neglect so to testify, and that therefore the trial judge may make no such comment.

It was held in *People* v. *Provost*, 144 Mich. 17 (8 Ann. Cas. 277), that it was error to refuse a requested instruction that no presumption of guilt can be indulged in by the jury on account of the accused's failure to testify, and in that case authorities are reviewed and it was said that it was not error for the court on its own motion to charge on the subject.   We adhere to the rule there stated.

The use of the word "decline" in the excerpt quoted is criticized.   If defendant does not take the stand in his own behalf the statute speaks of it as a "neglect to testify."   An instruction approved in the *Provost Case, supra*, used the words "failure to testify."   To say that he may take the stand or decline to do so involves volition by the defendant as distinguished from neglect or failure as stated.   In practice the question involves thought, decision, often anxiety.   The word was not exact as to statutory expression but its use does not constitute reversible error.

5. Error is assigned on the portion of the charge relating to good character. The instruction is sustained by the holding in *People* v. *Best*, 218 Mich. 141, and cases there cited.

6. The evidence of the possession of the keys and of defendant's intent as to them made a case for the jury. See *People* v. *Jones*, 124 Mich. 177, and *People* v. *Donovan, supra.*

We have considered the other questions raised and find no reversible error.

Judgment affirmed.

FELLOWS, C. J., and WIEST, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.