PEOPLE *v.* DOE, *alias* MEYER.

1. LARCENY—STATUTORY LARCENY—CRIMINAL LAW.
   Offense provided by Act No. 328, Pub. Acts 1931, § 362, is
   neither common-law larceny nor embezzlement, but is statutory
   larceny, and its elements are to be found in statute.

2. SAME—ELEMENTS OF OFFENSE—DELIVERY—CONVERSION.
   Offense provided by Act No. 328, Pub. Acts 1931, § 362, has two
   elements, (1) delivery of property, and (2) its embezzlement,
   fraudulent conversion or concealment; gist of offense being
   conversion, but character of delivery, whether induced by
   legal or wrongful means, not being element.

3. VENUE—JURISDICTION—STATUTORY LARCENY—CRIMINAL LAW.
   Where delivery of stock certificates, which is one act of offense
   of larceny as provided by Act No. 328, Pub. Acts 1931, § 362,
   occurred in Presque Isle county, prosecution therefor could be
   had in said county under 3 Comp. Laws 1929, § 17126, al-
   though their sale, which was integral part of single and con-
   tinuous operation of conversion, occurred in Wayne county.

4. SAME—ACCESSORIES—STATUTES.
   Accessories aiding and abetting in commission of crime of lar-
   ceny as provided by Act No. 328, Pub. Acts 1931, § 362, are
   subject to same statute of jurisdiction as principal (3 Comp.
   Laws 1929, § 17253).
   NORTH, WIEST, and BUTZEL, JJ., dissenting.

Appeal from Presque Isle; Smith (Fred P.), J.
Submitted April 13, 1933. (Docket No. 128, Calen-
dar No. 36,658.) Decided October 2, 1933. Rehear-
ing denied December 19, 1933.

Al Foreman and Sam Gutterman were convicted
of embezzlement as accessories of John Doe, *alias*
Walter Meyer, *alias* Henry Bloom. Affirmed.

*Chawke & Sloan,* for appellant Foreman.

*Harry Cohen (John Sklar,* of counsel), for appellant Gutterman.

*Patrick H. O'Brien,* Attorney General, and *Frederick P. Hempel,* Prosecuting Attorney, for the people.

North, J. (*dissenting*). This is an appeal from the conviction of defendants Al Foreman and Sam Gutterman, in the circuit court of Presque Isle county, as accessories of one Walter Meyer, *alias* Henry Bloom. The information contains three counts, but conviction by the court, without a jury, was only upon the third count, which reads:

"And the said John Doe, *alias* Walter Meyer, *alias* Henry Bloom, together with Al Foreman and Sam Gutterman, at the time and place aforesaid, and within the jurisdiction of this court, to whom goods and other property of a kind subject to larceny were delivered, to-wit: said stock certificate set forth in count one herein (a stock certificate of 1,500 shares of Corporate Trust stock), did then and there embezzle and convert to his own use such property, said stock certificate of a value exceeding $50. The said Al Foreman and Sam Gutterman being accessories before and after the fact."

Albert Selke, residing in Presque Isle county, owned 1,500 shares of Corporate Trust stock, for which he had paid $7,000. By means of false representations made by Walter Meyer, *alias* Henry Bloom, Selke was induced to deliver this stock to Meyer. By similar false representations Meyer had secured from several other persons other Corporate Trust stock. Two days after Meyer obtained Selke's stock 500 shares of it were sold by Detroit brokers for the defendant Gutterman and he re-

ceived therefor $2,825. The record contains no testimony that either Foreman or Gutterman was in Presque Isle county or that either had anything to do with the transaction by which Meyer secured Selke's stock. Nor is there any testimony tending to connect defendant Foreman in any way with the sale of Selke's stock through the Detroit brokers, except upon inquiry from Gutterman the brokerage firm through which the sale was made was recommended by Foreman. But there is testimony from which it appears that Foreman had to do with the sale of Corporate Trust shares which Meyer had secured from parties other than Selke.

At the time of the trial of Foreman and Gutterman, Meyer had not been apprehended. The jurisdiction of the circuit court of Presque Isle county to try and convict either of appellants is challenged. In support of the court's jurisdiction the prosecution cites and relies upon the following statutory provisions:

"Whenever a felony consists (of) or is the culmination of two or more acts done in the perpetration thereof, said felony may be prosecuted in any county in which any one of said acts was committed." 3 Comp. Laws 1929, § 17126.

"In all prosecutions for the crime of embezzlement said offense may be prosecuted either in the jurisdiction in which the property is received by the person charged or the jurisdiction in which it was the duty of such person to deliver, redeliver or return said property." 3 Comp. Laws 1929, § 17128.

Unless jurisdiction of the circuit court in Presque Isle county can be sustained under one or the other of the above provisions, the court was without jurisdiction and the convictions must be set aside.

In 1927 the legislature enacted "The Code of Criminal Procedure," Act No. 175, Pub. Acts 1927 (3 Comp. Laws 1929, § 17116 *et seq.*). Chapter 2 of the act relates to jurisdiction of courts. As originally enacted it contained seven sections. By Act No. 24, Pub. Acts 1929, three sections were added to this chapter, and are now included in 3 Comp. Laws 1929 as sections 17126, 17127, and 17128. We have quoted above the two with which we are here concerned. The apparent purpose of this legislation was to define more specifically and possibly in some cases to extend the jurisdiction of courts in criminal cases.

Under the people's theory, section 17126 obviously is not applicable to the present prosecution, for the reason that if the crime of embezzlement was committed in the instant case, such crime was fully consummated at the time Meyer obtained possession of Selke's stock certificate in Presque Isle county. The crime once being fully consummated in Presque Isle county, subsequent acts in Wayne county constituted no part thereof. This is true notwithstanding such subsequent acts might be competent proof of the crime committed in Presque Isle county.

Section 17128 has not been before the court for construction, and the question arises as to whether it is at all applicable to the instant case. In so far as the section provides that one charged with embezzlement may be prosecuted in the jurisdiction wherein he received the property, it presents nothing new; but it is pertinent here to determine the meaning and application of that part of the section which provides for prosecution in the jurisdiction "in which it was the duty of such person to deliver, redeliver, or return" said property. In a broad moral sense it is the duty of one who has wrongfully pos-

sessed himself of the property of another to redeliver or return such property wherever he may be. But it would be preposterous to assume that the legislature for that reason sought to provide that the wrongdoer might therefore be prosecuted in any jurisdiction where he could be found. Obviously a more restricted meaning must be given to the words used in the statute. We think the provision contemplated prosecution in cases wherein the offender obtained possession in one jurisdiction with an understanding or agreement that he would ''redeliver or return'' the property in some other specified jurisdiction; and if so upon failure to return or redeliver the property prosecution might be had in the latter as well as in the former jurisdiction. So construed, section 17128 is not applicable, because there is no proof or claim that Selke was assured or led to believe that his stock would be redelivered to him in Wayne county. We think no one would contend that under the facts in this case Meyer could be prosecuted in Wayne county. Conspiracy is not charged in this case; and there is no proof that either of appellants were in Presque Isle county prior to their arrest in this case. If the offense committed by Meyer was one for which he could not be prosecuted in Wayne county it logically follows that these defendants cannot, under the cited statute, be prosecuted in Presque Isle county. The circuit court of that county had no jurisdiction.

As bearing upon whether either of the above-quoted statutory provisions is here applicable, it may be noted that both the prosecution and the defense agree that appellants were charged and convicted under Act No. 328, Pub. Acts 1931, § 362. The information contains no reference to a specific section of the statute, but its phraseology discloses

that it was drafted under section 362. The sentence imposed on appellants accords with the penalty provided in section 362. This section is a part of chapter 52 of the act, which is devoted to larceny. Chapter 31 embodies the various acts which are penalized as embezzlement. In behalf of the people it is contended that notwithstanding this prosecution is under a section defining a certain type of larceny, nonetheless the conviction can be sustained as embezzlement because in this State there is no distinction between embezzlement and larceny, relying somewhat upon *People* v. *Gregg,* 170 Mich. 168. While it may be possible, under a given set of facts, that the offense could be charged either as larceny or embezzlement nonetheless one charged specially, as is here agreed, under the larceny statute, cannot be convicted of embezzlement. To hold that there is no distinction between larceny and embezzlement in the instant case would be to entirely ignore the specific provisions and subdivisions embodied by the legislature in Act No. 328, Pub. Acts 1931. The charge here made against appellants, being one of larceny, clearly neither section 17126 nor 17128, 3 Comp. Laws 1929, hereinbefore quoted, is applicable, and the conviction of appellants in Presque Isle county cannot be sustained. It follows that the conviction should be set aside, and defendants discharged from custody.

WIEST and BUTZEL, JJ., concurred with NORTH, J.

FEAD, J. Defendants were convicted of the statutory offense of larceny under Act No. 328, Pub. Acts 1931, § 362, a re-enactment of 3 Comp. Laws 1929, § 16911:

"Any person to whom any money, goods, or other property which may be the subject of larceny, shall

have been delivered, who shall embezzle or fraudulently convert to his own use, or shall secrete with the intent to embezzle, or fraudulently use such goods, money, or other property, or any part thereof, shall be deemed by so doing to have committed the crime of larceny.''

The offense is neither common-law larceny nor embezzlement, but is one of the crimes provided by statute law to occupy the no-man's land surrounding the offenses against property at common law. It is not to be tested by the common-law rules of larceny or embezzlement, nor, of course, by the implications of names, such as ''larceny by embezzlement,'' sometimes given it for convenient reference, but its elements are to be found in the statute itself. 3 Comp. Laws 1929, § 17128, permitting prosecution ''for the crime of embezzlement'' to be brought in the jurisdiction of the receipt of goods or their proper place of return is not applicable because the offense under consideration is made ''larceny'' by legislature fiat.

The crime has two elements, (1) delivery of property, and (2) its embezzlement, fraudulent conversion or concealment. The *character* of the delivery, whether induced by legal or wrongful means, is not an element. The gist of the offense is the conversion. The delivery occurred in Presque Isle county. The sale in Wayne county was an integral part of the single and continuous operation of conversion.

One of the acts making up the felony, delivery of the stock certificate to Meyer, occurred in Presque Isle county. Therefore, Meyer could be prosecuted in that county, under 3 Comp. Laws 1929, § 17126:

''Whenever a felony consists or is the culmination of two or more acts done in the perpetration thereof, said felony may be prosecuted in any county in which any one of said acts was committed.''

Because the other defendants aided and abetted Meyer in the felonious act of conversion, they were subject to the same statute of jurisdiction. 3 Comp. Laws 1929, § 17253, reads:

"Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried, and on conviction shall be punished as if he had directly committed such offense."

Judgment affirmed.

McDONALD, C. J., and POTTER and SHARPE, JJ., concurred with FEAD, J. CLARK, J., took no part in this decision.