ANDREWS *v.* WILCOX.

1. MANDAMUS—WRIT OF GRACE, NOT OF RIGHT.
    A writ of mandamus is one of grace, not of right.

2. SHERIFFS AND CONSTABLES—RELEASE OF JUDGMENT DEBTOR FOR COMMITMENT TO STATE PRISON.
    Sheriff and surety on his bond *held,* not civilly liable for release of judgment debtor to State officer, armed with a mittimus for his commitment to State prison, where judgment creditor had failed to charge debtor after exoneration of bail, debtor had secured writ of *supersedeas* and, upon failure of sheriff to obey it, a writ of *habeas corpus* ordering his discharge from custody under *capias ad satisfaciendum* (3 Comp. Laws 1929, § §14559, 14560, 15245).

Appeal from Wayne; Brennan (John V.), J., presiding.  Submitted October 7, 1936.  (Docket No. 42, Calendar No. 39,123.)  Decided December 8, 1936.

Case by Fred W. Andrews against Thomas C. Wilcox, sheriff of Wayne county, and Central West Casualty Company, a Michigan corporation, and Charles E. Gauss, insurance commissioner, its custodian, for damages caused by allowing prisoner to escape. Judgment for defendants. Plaintiff appeals. Affirmed.

*George B. Murphy,* for plaintiff.

*Valois E. Crossley,* for defendant Wilcox.

*Walter I. McKenzie,* for defendant surety company and its custodian.

Butzel, J. On September 9, 1931, plaintiff began suit by *capias ad respondendum* against Albert A. Foreman who, after arrest, filed proper special bail. On December 22, 1932, plaintiff recovered a large judgment, and a writ of *fieri facias* was issued and returned unsatisfied. On February 14, 1933, plaintiff caused successive writs of *capias ad satisfaciendum* to be issued, and Foreman was taken into custody by the sheriff on May 7, 1933. A few days later he gave a jail limits bond.

In April, 1932, Foreman was charged with felony, duly arrested, convicted, sentenced to State prison and the judgment of conviction affirmed by this court on October 2, 1933. *People v. Doe,* 264 Mich. 475. A mittimus was duly issued. It appears, therefore, that prior to the issuance of a writ of *capias ad satisfaciendum* in the civil case, Foreman had been arrested for a felony, and though released on bail until the final affirmance of his conviction, he nevertheless was technically in custody of the criminal court. Shortly after the affirmance of the conviction, Foreman's surety surrendered him to de-

fendant sheriff in exoneration of bail, and he was not thereafter charged in the civil case. Foreman thereupon sued out a writ of *supersedeas,* claiming that as he was not charged after the exoneration of bail, he was entitled to be discharged from custody by virtue of 3 Comp. Laws 1929, §§ 14559, 14560. The court granted the writ, but defendant sheriff, doubtful as to his position, did not obey it. Thereupon, *habeas corpus* proceedings were begun, and the trial court granted a writ of *habeas corpus.* Plaintiff thereupon applied to this court for leave to appeal in the nature of mandamus. A writ of mandamus is one of grace, not of right. We declined to issue an order to show cause on the uncontroverted facts shown in the petition and reply.

Foreman was thereafter released by defendant sheriff to an officer holding a mittimus and Foreman was taken to the penitentiary of southern Michigan to serve his sentence. Plaintiff in the present case brought suit against the sheriff, claiming that the latter permitted Foreman to ''escape'' from the Wayne county jail to the penitentiary. The surety on the sheriff's bond was made a party defendant and subsequently the surety's custodian was also joined. Plaintiff has appealed from judgment for defendants. Was the sheriff civilly liable when, in good faith and obedience to the mandatory writs of *supersedeas* and *habeas corpus,* regular and valid on their face, he released the prisoner to a State officer armed with a mittimus? The answer obviously is no. See 3 Comp. Laws 1929, § 15245.

The judgment is affirmed, with costs to defendants.

NORTH, C. J., and FEAD, WIEST, BUSHNELL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.