PEOPLE *v.* McHUGH.

1. CRIMINAL LAW—INSTRUCTIONS—FAILURE OF ACCUSED TO TAKE WITNESS STAND—PRESUMPTION OF INNOCENCE.

Instruction, in substance, that defendant was not compelled to take the witness stand, that the State had the burden of proving him guilty of all essential elements beyond a reasonable

doubt, that he had a right to decline to take the witness stand or could do as he pleased, as he is presumed innocent until such presumption is overcome by competent evidence, *held*, not improper.

2. SAME—LARCENY BY CONVERSION—EVIDENCE.

In prosecution for larceny by conversion in which the testimony of the people was not contradicted and was sufficient to sustain the conviction, verdict *held*, not contrary to law and refusal to direct a verdict for defendant not error (Act No. 328, § 362, Pub. Acts 1931).

3. SAME—LARCENY BY CONVERSION—INFORMATION—EVIDENCE.

In prosecution for larceny by conversion, information *held*, to have charged in apt language an offense under section of statute defining and prescribing penalty for such crime and evidence adduced sufficient to sustain conviction of defendant (Act No. 328, § 362, Pub. Acts 1931).

4. SAME—EVIDENCE OF OTHER OFFENSES.

Admission in evidence of other offenses is proper, if at all, not for purpose of substantive proof of act charged and for which defendant is being tried but to show his motive and intent and absence of mistake or accident on his part or his scheme, plan or system of doing act in question (3 Comp. Laws 1929, § 17320).

5. CONSTITUTIONAL LAW—POWER OF LEGISLATURE.

The power to enact laws and to declare what shall constitute a crime and how it shall be punished is an exercise of the sovereign power of a State and is inherent in the legislative department of the government.

6. INDICTMENT AND INFORMATION—COMMON LAW—STATUTES—LEGISLATURE.

An information which charged an offense which was neither common-law larceny nor embezzlement but which was an offense set forth in a statute charged an offense known to the law, where the legislature, in the exercise of the sovereign power delegated to it by the Constitution, passed the statute setting forth and penalizing the offense (Act No. 328, § 362, Pub. Acts 1931).

7. CRIMINAL LAW—STATUTES—JUDICIAL CONSTRUCTION.

Terms of section of penal code which are plain and unambiguous may not be altered by the court by judicial construction (Act No. 328, § 362, Pub. Acts 1931).

8. SAME—INFORMATION—EVIDENCE.

> That defendant might have been charged and convicted under another section of the penal code than one under which he was charged and convicted does not vitiate the information or render the conviction erroneous where there was testimony tending to show the section of the statute used was directly applicable to the offense with which defendant was charged (Act No. 328, §§ 174, 362, Pub. Acts 1931).

Appeal from Recorder's Court of City of Detroit; Murphy (George), J.   Submitted April 14, 1938. (Docket No. 122, Calendar No. 39,175.)   Decided November 10, 1938.

James P. McHugh was convicted of the crime of larceny by conversion.   Affirmed.

*Echlin & Lendzion,* for appellant.

*Raymond W. Starr,* Attorney General, *Duncan C. McCrea,* Prosecuting Attorney, *Gerald K. O'Brien* and *William L. Brunner,* Assistant Prosecuting Attorneys, for the people.

POTTER, J.   Defendant was arrested upon a complaint made November 23, 1935, charging him with a violation of section 362 of the Michigan penal code of 1931 (Act No. 328, Pub. Acts 1931 [Comp. Laws Supp. 1935, § 17115-362, Stat. Ann. § 28.594]).   The information charged:

"That James P. McHugh, late of the said city of Detroit, in said county, heretofore, to-wit, on the 9th day of January, A. D. 1934, at the said city of Detroit, in the county aforesaid, $1,300 in lawful money of the United States of America, and of the value of $1,300, of the personal property, goods and chattels of Otto Kraft, was delivered to and came into the possession of James P. McHugh, and afterwards and while the said goods and chattels then in

his possession as aforesaid, he, the said James P. McHugh, to-wit, on the 9th day of January, A. D. 1934, at the city of Detroit aforesaid, the said property of the value aforesaid, feloniously and fraudulently did embezzle and convert to his own use.

"Therefore, the said·James P. McHugh the property of the said Otto Kraft aforementioned in manner and form aforesaid, feloniously did steal, take and carry away; contrary to the form of the statute," et cetera.

A note constituting a part of the information refers to "Sec. 362, M. P. C. 1931."

The cause came on for hearing, defendant was convicted, and appealed to this court.

1. Defendant claims the trial court erred in charging the jury as follows:

"The defendant is not compelled to take the witness stand in his own behalf. He may do so if he desires but there is no compulsion. The State makes up the warrant and information and the defendant is brought into court. The defendant does not need to rebut that. It is the burden of the State to prove him guilty beyond a reasonable doubt. He does not need to take the witness stand in the case. He did not take the stand and we are not interested in that at all.—I am not and you are not. He has a right to decline to take the witness stand or can do just as he pleases. The State must prove him guilty of all the essential elements, as I have charged you, beyond a reasonable doubt before you can find him guilty. He is presumed to be innocent until such is overcome by competent evidence."

We think the charge of the trial court warranted by *People* v. *Provost,* 144 Mich. 17 (8 Ann. Cas. 277); *People* v. *Murphy,* 145 Mich. 524; *People* v. *Ferrise,* 219 Mich. 471.

2. Defendant contends the verdict was contrary to the evidence, that it was the duty of the trial court

to direct a verdict for the defendant, and that the verdict was contrary to law.

The testimony of the people was not contradicted. There was sufficient testimony to sustain the conviction, the court did not err in refusing to direct a verdict for the defendant, and the verdict was not contrary to law.

3. Section 362 of Act No. 328, Pub. Acts 1931, provides:

"Any person to whom any money, goods or other property, which may be the subject of larceny, shall have been delivered, who shall embezzle or fraudulently convert to his own use, or shall secrete with the intent to embezzle, or fraudulently use such goods, money or other property, or any part thereof, shall be deemed by so doing to have committed the crime of larceny and shall be punished as provided in the first section of this chapter."

The information charged in apt language an offense under this section of the penal code and the testimony was sufficient to sustain the conviction of the respondent. There is nothing in *People* v. *Doe, alias Meyer,* 264 Mich. 475, which militates against this contention.

4. Defendant claims the trial court was in error in admitting evidence of other offenses. The statute (3 Comp. Laws 1929, § 17320 [Stat. Ann. § 28.1050]) provides:

"In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior

or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant.''

While it is a general rule that testimony should not be admitted tending to establish the guilt of defendant of another distinct and independent crime, this rule is subject to many exceptions. In *People* v. *Giddings*, 159 Mich. 523 (18 Ann. Cas. 844), it is said:

''This case comes within the exception to the general rule relied upon by respondent that proof of other offenses may not be admitted upon the trial of one accused of crime, being of that class of cases where the circumstances permitted the inference of accident, mistake, or inadvertence to be drawn. *People* v. *Burke*, 157 Mich. 108; *People* v. *Seaman*, 107 Mich. 348 (61 Am. St. Rep. 326), and cases cited. 1 Wigmore on Evidence (1st Ed.), §§ 300–372. If this proof was admissible for any purpose, it would not be rendered incompetent because it might tend to show other violations of the local-option law by respondent. Such proof is never admissible as substantive proof of the act charged for which a respondent is being tried. Cases cited *supra*. *People* v. *Thacker*, 108 Mich. 652.''

See, also, *People* v. *Rice*, 206 Mich. 644; *People* v. *DiPietro*, 214 Mich. 507; *People* v. *Guise*, 262 Mich. 72.

The court did not err in admitting the testimony of other offenses.

5. It is contended the offense charged against defendant is one unknown to the law. On the contrary, it is charged in accordance with the provisions of Act No. 328, § 362, Pub. Acts 1931.

''Under our Constitution the power to enact laws is vested in the legislature. * * * To declare what

shall constitute a crime, and how it shall be punished, is an exercise of the sovereign power of a State, and is inherent in the legislative department of the government." *People* v. *Hanrahan,* 75 Mich. 611 (4 L. R. A. 751).

The legislature, in the exercise of the sovereign power delegated to it by the Constitution, passed the section of the statute under which the defendant was tried and convicted. The information charged in apt language a violation of this provision of the statutes and it cannot be said the information did not charge an offense known to the law. It may be, as pointed out in *People* v. *Doe, alias Meyer, supra,* that the offense is neither common-law larceny nor embezzlement, but is one of the crimes provided by statute law to occupy the no-man's land surrounding the offenses against property at common law. Whether the comments on the statute made in that case were justified or not, the legislature enacted this section of the statutes. It is plain and unambiguous, there is no room for judicial construction, and this court has no right to alter its terms. If it should be changed, such change is a matter of legislation. *Schild* v. *Railroad Co.,* 200 Mich. 614. The note on the information referred to section 362, Michigan Penal Code 1931. This note is no part of the information which properly charges an offense under Act No. 328, § 362, Pub. Acts 1931 (Comp. Laws Supp. 1935, § 17115-362, Stat. Ann. § 28.594). That defendant might have been charged and convicted under Act No. 328, § 174, Pub. Acts 1931 (Comp. Laws Supp. 1935, § 17115-174, Stat. Ann. § 28.371), as well as section 362 of that act, does not vitiate the information or render the conviction erroneous. *Williams* v. *United States,* 168 U. S. 382 (18 Sup. Ct. 92). There was testimony tending to show the statute was directly applicable

to the offense with which defendant was charged. We find no error in defendant's conviction which is affirmed.

Wiest, C. J., and Bushnell, Sharpe, Chandler, North, and McAllister, JJ., concurred. Butzel, J., took no part in this decision.