PEOPLE v. WILSON.

1. CRIMINAL LAW—LARCENY BY CONVERSION.
   The statutory crime of larceny by conversion is not to be tested by the common-law rules of larceny or embezzlement but has 2 elements, delivery of property and its embezzlement, fraudulent conversion, or concealment, the gist of the offense being the conversion (CL 1948, § 750.362).

2. SAME—LARCENY BY CONVERSION—EVIDENCE OF DELIVERY.
   Competent evidence adduced in prosecution for larceny by conversion *held*, insufficient to support conviction, there being no proof of delivery of property or money to defendant which he could have converted to his own use (CL 1948, § 750.362).

Appeal from Recorder's Court of Detroit; O'Hara (John P.), J. Submitted Division 1 June 8, 1965, at Detroit. (Docket No. 197.) Decided September 20, 1965.

Leslie Z. Wilson was convicted of larceny by conversion. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel D. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 32 Am Jur, Larceny § 39.

pellate Lawyer, and *James E. Lacey,* Assistant Prosecuting Attorney, for the people.

*Wilfred C. Rice,* for defendant.

WATTS, J. Defendant Leslie Z. Wilson was tried without a jury, convicted of larceny by conversion (in the amount of $250) CL 1948, § 750.362 (Stat Ann 1954 Rev § 28.594) in the recorder's court of the city of Detroit, and sentenced to no less than two nor more than five years at Jackson prison. Defendant is aggrieved by the conviction and appeals. He alleges 11 errors.

Defendant Wilson on January 17, 1963, called at the home of complainant Willie Smith with the apparent intention of soliciting a sale of household furniture. Although no written memoranda of the proposed sale of furniture is shown to have been made, it does appear that the furniture consisted of a 2-piece living room suite. After complainant Smith stated that his credit was poor, defendant Wilson suggested that complainant Smith take a loan in the amount of $250 from the Victory Loan Company.

On January 18, 1963, complainant Smith, defendant Wilson, and Ernestine Walker appeared at the office of the Victory Loan Company in the city of Detroit. Willie Smith and Ernestine Walker signed a promissory note in the amount of $250; complainant Smith signed a chattel mortgage on household furniture. Defendant Wilson arranged for Ernestine Walker to sign Willie Smith's note.

The testimony is undisputed that defendant Wilson paid $14.27 on the said loan on February 25, 1963, and made another payment in the amount of $20 on April 22, 1963. The Victory Loan Company started civil action against Willie Smith when no further payments were received on the promissory

note.   The claim was reduced to a judgment and
a writ of garnishment was issued against Willie
Smith.   After Willie Smith's wages were garnisheed,
he notified the Detroit police department that he
had signed a promissory note made payable to the
Victory Loan Company and that he had not received
the money or the furniture.   After examination in
the instant case, complainant Smith accepted pay-
ment of the amount owing on the promissory note[1]
from defendant Wilson.

The record is clear that the Victory Loan Company
issued a check in the amount of $250 payable to
complainant Smith and defendant Wilson.   (The
check was not introduced in evidence.)   Both com-
plainant Smith and defendant Wilson indorsed the
said check and returned it to a representative of the
loan company.

Among the 11 errors claimed, we find the asser-
tion that one of the essential elements of the crime
of larceny by conversion was not established at the
trial, this being the delivery of property.

Justice FEAD writing the majority opinion in
*People* v. *Doe, alias Meyer* (1933), 264 Mich 475,
481, discusses the elements of the offense of lar-
ceny by conversion.

"The offense is neither common-law larceny nor
embezzlement, but is one of the crimes provided by
statute law to occupy the no-man's land surrounding
the offenses against property at common law.   It is
not to be tested by the common-law rules of larceny
or embezzlement, nor, of course, by the implications
of names, such as 'larceny by embezzlement,' some-

---

[1] This fact was called to the attention of the Wayne county
prosecuting attorney's office.   The attorney for defendant re-
quested the prosecutor to *nolle prosequi* the complaint pending
against defendant.   The parties could not agree on the amount
of costs and the prosecutor's office refused to *nolle prosequi* the
cause pending before the court (CL 1948, § 775.12 [Stat Ann 1954
Rev § 28.1249]).

times given it for convenient references, but its elements are to be found in the statute itself. CL 1929, § 17128,[2] permitting prosecution 'for the crime of embezzlement' to be brought in the jurisdiction of the receipt of goods or their proper place of return is not applicable because the offense under consideration is made 'larceny' by legislature fiat.

"The crime has two elements, (1) delivery of property, and (2) its embezzlement, fraudulent conversion, or concealment. The *character* of the delivery, whether induced by legal or wrongful means, is not an element. The gist of the offense is the conversion."

The majority opinion of Justice FEAD was quoted in *People* v. *Franz* (1948), 321 Mich 379 at p 386.

The record in this cause is replete with matters extraneous to the question properly before the Court. The emotion of this trial is disclosed from a complete reading of this record and indicates that the exhibit (the check) was not introduced in evidence.

The testimony in the instant case is silent on the delivery of property ($250) by the complainant to defendant Wilson. The testimony of the complainant indicates only that he and the defendant indorsed the check and that he left it in the possession of Mr. George Lamb, an employee of the loan company. Complainant did allude to a check that was to be payable to the defendant. The complainant did not testify that he personally gave the defendant any cash, property, or thing of value. Mr. Lamb of the loan company testified that he could not say who received the check as he did not close this transaction. Another witness for the people, James Lowell who was silent on the question of delivery of the property on direct examination, shed no greater light on the subject on cross examination

---

[2] CL 1948, § 762.10 (Stat Ann 1954 Rev § 28.853).—REPORTER.

when he indicated he saw they were passing something but didn't know whether it was money or what. The testimony of people's witness Sam Floyd has no probative value on the question of delivery of the property.

The lower court did not consider the statements made under oath by Earl R. Moore, detective-lieutenant of the Detroit police department, assigned to the office of the prosecuting attorney for Wayne county. The lower court record reads as follows:

*"The Court:* Well, that may be true but there is no testimony here, under oath, by anybody, particularly by the defendant. The police officer is just repeating a claim that the defendant made, but that couldn't be considered as testimony. It is not given under oath and at the most is hearsay."

It is our opinion that there is not sufficient competent testimony to substantiate a verdict of guilty and, further, that there is no merit to defendant's other allegations of error.

Reversed.

LESINSKI, C. J., and BURNS, J., concurred.