PEOPLE *v.* GILL.

1. APPEAL AND ERROR—PRESERVING OBJECTIONS—FUNDAMENTAL IN-
   JUSTICE.
   Issue raised on appeal by defendant convicted of larceny in a
   store that the jury was prejudicially biased by reason of the
   prosecutor's reference to a surveillance of the store because
   several thousand dollars worth of merchandise had dis-
   appeared before the theft with which defendant was charged
   is not considered on the merits where no objection or motion
   for mistrial was made in the trial court and a careful exam-
   ination of the record shows no fundamental injustice.

2. CRIMINAL LAW—LARCENY BY CONVERSION—ELEMENTS OF CRIME.
   Two elements are needed to constitute the statutory crime of
   larceny by conversion: (1) delivery of property to defendant
   and (2) its embezzlement, fraudulent conversion, or conceal-
   ment by defendant (CL 1948, § 750.362).

3. SAME—LARCENY BY CONVERSION—POSSESSION—DELIVERY.
   Goods which might be the subject of larceny, namely phono-
   graph albums, *held,* not to have been delivered into defend-
   ant's possession by reason of his employment at a discount
   department store as night janitor, where defendant worked at
   the store from 10 p.m. to 9 a.m., during which time he was
   locked in the store without keys, was required to clean up the
   store, sweep up trash and mop the floor, and was the only
   person in the store, had ready access to the phonograph
   albums, but had no duties to perform with respect to the
   albums.

4. SAME—LARCENY IN A STORE.
   Defendant, a night janitor in a department store, who did not
   have possession of phonograph albums by reason of his
   employment there, *held,* properly charged with larceny in a

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 549.
[2–4] 32 Am Jur, Larceny §§ 6, 14, 15, 59.

store rather than larceny by conversion, where the evidence showed that defendant passed phonograph albums underneath the door of the store to another employee who was waiting outside to receive them during defendant's hours of employment (CL 1948, §§ 750.360, 750.362).

Appeal from Saginaw, O'Neill (James E.), J. Submitted Division 3 February 6, 1968, at Grand Rapids. (Docket No. 2,691.) Decided July 23, 1968.

Edward Gill was convicted of larceny in a store. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert B. Currie,* Prosecuting Attorney, and *Gust Triantafillou,* Assistant Prosecuting Attorney, for the people.

*Robert L. Loucks,* for defendant.

G. E. BOWLES, J. Edward Gill was convicted by a jury of larceny in a store.* His appeal raises 2 issues:

1) Was the jury prejudicially biased by reason of the prosecution's reference to the reason why the store was under surveillance, *i.e.,* that several thousand dollars' worth of merchandise had disappeared prior to the theft with which Gill was charged?

2) Was defendant in possession of the merchandise so that there could not have been the felonious "taking" necessary to a charge of larceny?

We do not consider the merits of the first issue inasmuch as no objection or motion for mistrial was made in the trial court and a careful examination reveals no "fundamental injustice". See *People* v. *Dorrikas* (1958), 354 Mich 303.

---

* CL 1948, § 750.360 (Stat Ann 1954 Rev § 28.592).

Full appreciation of the second point requires an elaboration of the facts. Defendant was employed at the Shopper's Fair Discount Store as the night janitor; his hours were 10 p.m. to 9 a.m. and during that time he was locked in the store without keys. Defendant was required to clean up the store, sweep up trash and mop the floor; he was the only person in the store during this time.

On the night of July 19, 1965, the assistant manager of the store was parked in a nearby lot and was observing the front entrance through binoculars. His purpose in doing this was to determine the accuracy of his belief that phonograph albums were being taken at night. The assistant manager testified that he saw Edgar Donahue, an employee of the store, approach the front door (at about 10:30 p.m.) and converse with defendant within. Defendant then disappeared and returned shortly afterwards with some records. Defendant was seen to slide the albums beneath the door to Donahue, who had been waiting outside.

When the people rested, defendant moved to quash the information because the evidence showed him to have had possession of the records and he therefore should have been charged with larceny by conversion. On a special record defendant testified that his duties were wholly janitorial, that he had "no direct responsibilities outside of the maintenance of the floor." The motion was denied.

The statute defining larceny by conversion reads:

"Any person to whom any money, goods or other property, which may be the subject of larceny, shall have been delivered, who shall embezzle or fraudulently convert to his own use, or shall secrete with the intent to embezzle, or fraudulently use such goods, money or other property, or any part thereof, shall be deemed by so doing to have committed the crime of larceny and shall be punished as provided

in the first section of this chapter." CL 1948, §.750.362 (Stat Ann 1954 Rev § 28.594).

It has been repeatedly said that two elements are needed to constitute this statutory crime: (1) delivery of property and (2) its embezzlement, fraudulent conversion or concealment. *People v. Doe, alias Meyer* (1933), 264 Mich 475; *People v. Franz* (1948), 321 Mich 379; *People v. Wilson* (1965), 1 Mich App 409. The question then becomes whether these record albums were "delivered" to defendant's possession by reason of his employment.

Defendant had no duties to perform with respect to these records, even though he did have ready access to them. But bare access is not enough to constitute possession. In a case whose material facts are quite similar to ours the court, in deciding that the defendant had custody but not possession, said:

"As we understand this evidence, it tends strongly to show that the defendant, in his capacity as janitor and night watchman, merely had custody of the property in the store, including the money which was taken. *He had no duties to perform with reference to said money other than those of a bare custodian.*" (Emphasis supplied.) *Fitch v. State* (1938), 135 Fla 361, 365 (185 So 435, 437).

We think the situation is the same here. Defendant not having had rightful possession of the records, he was not improperly charged.

Affirmed.

Fitzgerald, P. J., and J. H. Gills, J., concurred.