THE PEOPLE v. WILLIAM H. KINDRA.

*Criminal law—Indorsing names of witnesses on information—Res gestae—Liquor traffic—Trial—Argument of prosecutor.*

1. Where, in a prosecution for keeping respondent's saloon open after hours, three witnesses testify in behalf of the people that, after the hour for closing, they, in company with three women, whose names are not indorsed on the information, went into a room back of the bar-room kept by the respondent, and there purchased lager beer of respondent's barkeeper, it is not error for the court to deny respondent's motion to place the names of the women upon the information, and produce them as witnesses for the people; it appearing that the prosecution has not failed to put all parts of the transaction before the jury by the testimony of the three men, and that the introduction

102 147
108 366

102 147
111 347

102 147
157 2540

of the testimony of the women would be merely cumulative.[1]

2. After the respondent had rested, one of the women was found, and examined as a witness for the people. Her testimony corroborated that of the three men, but was taken under respondent's objection that it was more prejudicial to him than it would have been had it been taken earlier in the trial. And it is held that the time of calling the witness was within the discretion of the court, and, inasmuch as respondent was given the right to rebut the testimony, he cannot now complain.

3. After one of the witnesses for the people had been examined in chief, and cross-examined at some length, the court inquired of the prosecuting attorney if that was all of the witness, and that officer responded that he " was through with the witness some time ago," whereupon respondent's counsel stated that he desired to examine the witness. The court declined to wait for such examination, and dismissed the witness from the stand, and counsel for respondent took an exception to this proceeding, but did not advise the court what further questions he desired to ask of the witness. And it is held that, while the court should not have thus summarily dismissed the witness from the stand, yet it was the duty of the counsel for the respondent, under the circumstances, to state to the court some reason why he desired to examine the witness further; that no reason is here assigned, and the Court are unadvised as to whether the respondent's rights were prejudiced by the action taken; and that, under the circumstances, they are unable to say that there was any prejudice, as the facts brought out on the direct examination seem to have been fully covered by cross-examination.

4. Where, in a prosecution for keeping a saloon open after hours, the respondent was called as a witness in his own behalf, and testified that he had once been convicted of a like offense, his case cannot be said to have been prejudiced by the remark of the prosecuting attorney, in his closing argument to the jury, that the case followed another case, in which the respondent pleaded guilty.[2]

---

[1] See, as to indorsement of names of witnesses on information, *People v. Machen*, 101 Mich. 401, and note; and as to duty of prosecuting attorney to produce the testimony of *res gestae* witnesses, *People v. Germaine*, Id. 488, and note.

[2] The prosecuting attorney states in his brief that " the language used was not apparently strictly borne out by the record, but evidently referred to the statement of the respondent that he had been convicted for keeping open after hours;" and adds that " it

Exceptions before judgment from the superior court of Grand Rapids. (Burlingame, J.) Argued June 29, 1894. Decided September 25, 1894.

Respondent was convicted of keeping his saloon open after hours. Conviction affirmed. The facts are stated in the opinion.

*Griffin, McDonald & La Grou,* for respondent.

*A. A. Ellis,* Attorney General, and *Alfred Wolcott,* Prosecuting Attorney, for the people.

LONG, J. The respondent was arrested and tried before the superior court of Grand Rapids for keeping his saloon open on the night of August 24, 1893. At the time in question, the respondent was running an hotel and saloon in the city of Grand Rapids; and, on the evening of that day, a dance was in progress in the hall upstairs, in the same building. The dance was concluded about 11 o'clock. On the part of the prosecution, it is claimed that, after the dance, the witnesses Stoutjesdyk, Price, and Rittenberg, together with Lou Thayer and her sister and one May Wyman and several others, came down from the dance hall, and got some beer in a small room back of the main bar-room, which beer was paid for by Stoutjesdyk.

The people, after swearing the witnesses Stoutjesdyk, Price, and Rittenberg, rested their case. These witnesses had testified that, after 11 o'clock, they, in company with these women, went into the room back of the bar-room, kept by respondent, and there purchased lager of respondent's barkeeper. The names of the women were not placed on the information. Respondent thereupon insisted

would not have been improper to comment on this testimony as affecting the credibility of the witness, and as to that it would make very little difference whether it was a conviction or a plea of guilty."

upon their being produced as witnesses by the people, and that their names be placed upon the information. The court declined to order the people to place their names upon the information, but had subpoenas issued for them. The witnesses not being found, after waiting two hours, the court directed the respondent to proceed with his defense. He did proceed, and examined eight witnesses, who all testified that the saloon was not open upon the night in question, and that no liquors were sold there that night after the hour of closing. After the defense rested, the witness May Wyman, who the defense had insisted should be produced by the people, was found, and called into court, and examined on the part of the people. Her testimony corroborated the people's witnesses, but was taken under respondent's objection, who now claims that her testimony was more prejudicial to him than it would have been had it been taken earlier in the trial.

We think the court was not in error in denying the motion to place the names of these witnesses upon the information. It is evident that the people had not failed to put all parts of the transaction before the jury by the testimony of the three witnesses called to sustain the prosecution; that the introduction of the testimony of the other witnesses would have been merely cumulative. It is true that the prosecutor in a criminal case is not at liberty, like the plaintiff in a civil case, to select out a part of an entire transaction which makes against the respondent, and then put the respondent to the proof of the other part, so long as it appears at all probable from the evidence that there may be any other part of the transaction undisclosed, especially if it appears to the court that the evidence of the other portion is attainable. If the facts stated by the witnesses who are called show *prima facie* or even probable reason for believing that there are other parts of the transaction to which they have not testified,

and which are likely to be known to other witnesses present at the transaction, then such other witnesses should be called by the prosecution, if attainable. *Hurd v. People,* 25 Mich. 415. But the rule laid down in such cases is really aimed at the suppression of evidence, and does not decide that in all cases all the witnesses to a transaction must necessarily be called by the prosecution. The justice of requiring this must depend upon circumstances, and it would seldom be as manifest in cases of mere misdemeanor as in cases of higher offenses, especially those accomplished by violence. But in this case there was no reason to suppose that the prosecution had failed to put all parts of the transaction in evidence before the jury, and the testimony of the others who were not called could only have been cumulative. This rule was laid down in *Bonker v. People,* 37 Mich. 4. In *People v. Quick,* 51 Mich. 547, it was held that the prosecution in a criminal case is not obliged to call all the witnesses named on the information.

But in the present case the good faith of this claim may well be questioned; for, when one of these witnesses was subsequently called, sworn, and examined by the people, the defense objected to the testimony (such testimony corroborating the people's case), for the reason that the witness was called at a later stage of the proceeding. The time of calling the witness was within the discretion of the trial court, and, inasmuch as respondent was given the right to rebut this testimony, we think he cannot now complain.

One of the witnesses for the people was called, examined in chief, and at some length cross-examined by respondent's counsel. The court then asked of the prosecution, "Is that all of this witness?" and the attorney for the prosecution responded, "I was through with the witness some time ago." Respondent's counsel then said, "I desire to examine this witness;" when the court stated,

" I cannot wait," and dismissed the witness from the stand, counsel for respondent taking an exception to this proceeding. It is not stated in this record what further examination the respondent desired to make of this witness, and the court below was not advised what further questions respondent desired to ask; but the whole matter was dropped, as appears by this record, by respondent's counsel's taking an exception. We think, if respondent desired further examination of the witness, he should then have stated to the court upon what subject he desired to examine him, for he had already cross-examined the witness at great length. While the court should not have summarily dismissed the witness from the stand, yet we think it was the duty of counsel, under the circumstances, to state to the court some reason why he desired to examine the witness further. No reason is assigned in this Court why further examination was desired, and we are left wholly in the dark as to whether respondent's rights were prejudiced by the action taken. Under the circumstances, we are unable to say that there was any prejudice, as the facts brought out on the direct examination seem to have been fully covered by cross-examination.

Complaint is made of the remarks of the prosecuting attorney during the trial. He stated, in the presence of the jury, in the closing argument:

"This case follows another case, in which respondent pleaded guilty."

We do not think this remark prejudiced respondent's case. He was called as a witness, and testified that he had once been convicted for keeping open after hours.

The conviction must be affirmed.

McGrath, C. J., Montgomery and Hooker, JJ., concurred. Grant, J., did not sit.