McKIMMY *v.* CONDUCTORS PROTECTIVE ASSURANCE CO.

1. INSURANCE—EMPLOYMENT INSURANCE—EXCEPTIONS—"WILFUL," "INTENTIONAL," "INVITING," DEFINED.

  Exceptions to policy insuring railroad employee against loss of job except in case of his "wilfully inviting his own discharge" operates only when insured intentionally gives occasion for his discharge; "wilful" meaning "intentional;" and "inviting" meaning, among others, "to tempt; to give occasion for or opening to."

2. SAME—WILFUL AND INTENTIONAL ACT.

> That railroad employee brought action for personal injuries against his employer without first presenting his claim to its claim department did not establish that he was ''wilfully inviting his own discharge'' within exception to policy insuring him against loss of his job, in absence of showing that he knew or intended that his failure to seek compromise of his claim would result, or be likely to result, in his dismissal.

3. SAME—EVIDENCE—CUSTOMS AND USAGES.

> Where exception in policy insuring railroad employee against loss of job applies only to his own acts, knowledge of custom which would imperil his job must be brought home to him before testimony of said custom would be admissible in action by him on policy.

Error to Gladwin; Smith (Guy E.), J. Submitted January 13, 1931. (Docket No. 109, Calendar No. 35,284.) Decided February 27, 1931.

Assumpsit by Henry E. McKimmy against Conductors Protective Assurance Company, a Michigan corporation, on an employment insurance policy. Judgment for plaintiff. Defendant brings error. Affirmed.

*Pierson & McLaughlin,* for plaintiff.

*John C. Shaffer* (*Roy W. Scott,* of counsel), for defendant.

FEAD, J. Defendant issued to plaintiff a policy insuring him, among other things, against ''loss of job by discharge.'' The policy further provided:

''4. No indemnity will be paid the insured for loss of job on account of * * *, or in any way wilfully inviting his own discharge or removal from service.''

Plaintiff was working for the Pere Marquette Railroad Company, was injured, and commenced suit without first submitting the claim to his employer for adjustment. He was discharged:

"On account of engaging an attorney to prosecute a claim suit against this company without giving the claim department an opportunity to handle the case in the usual manner, you are hereby dismissed from the service of this company."

Defendant's principal point is that an insured has wilfully invited his own discharge within the meaning of the policy if the employer is justified in dismissing him.

The policy is not ambiguous. It did not insure against wrongful discharge only. Wilful means intentional. *Nunn* v. *Drieborg*, 235 Mich. 383. "Inviting" has many meanings, among them being to "tempt; to give occasion for or opening to." Webster's International Dictionary. The exception in the policy here relied upon operates only when the insured intentionally gives occasion for his discharge, either for the purpose of being dismissed or appreciating that it is likely to so result. There was no showing that plaintiff knew or intended that his failure to seek compromise of his claim would result, or be likely to result, in his dismissal.

The court sustained an objection to an inquiry made of the trainmaster whether failure to submit the claim for settlement was a customary ground for dismissal. Defendant did not follow up the question with an offer to show that plaintiff had actual or probable knowledge of such a custom, if there was one. As the exception in the policy applies only to the acts of the insured, knowledge of a custom which would imperil his job must be brought home to him.

Under the circumstances, the court did not err in sustaining the objection.

Had motion therefor been made, plaintiff would have been entitled to a directed verdict. So, defendant was not prejudiced by submission of an undisputed question of fact to the jury.

Judgment for plaintiff will be affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.