Specific tax upon premiums of foreign life insurance companies admitted to do business in this State which was declared to be in lieu of all other taxes in this State is an exemption from city taxes as ordinarily assessed but such exemption does not cover assessments for local improvements, license fees nor dog taxes (3 Comp. Laws 1929, § 12327).

2. STATUTES—IRRECONCILABLE CONFLICT—IN PARI MATERIA.

Where two laws *in pari materia* are in irreconcilable conflict, the one last enacted will control or be regarded as an exception to or qualification of the prior statute.

3. TAXATION—INSURANCE PREMIUMS—MORTGAGES—EXEMPTIONS.

Exemption of foreign insurance companies from all other taxes after payment of percentage of gross premiums *held,* not to extend to mortgage tax provided by subsequently enacted statute which made no exception for the direct benefit of any private mortgagee, where yet later amendments of insurance tax law only reduced the immunity of such companies (Comp. Laws 1929, §§ 3641, 12327 and 12316, as amended by Act No. 163, Pub. Acts 1931).

4. MORTGAGES—TAXATION—RECORDING.

Recording of a mortgage with consequent imposition of mortgage tax is a voluntary act by the mortgagee, not necessary to the validity of the mortgage (1 Comp. Laws 1929, § 3641).

5. SAME—TAXATION—EXEMPTIONS.

Legislature in enacting mortgage tax law intended to and did cover the whole situation and left no outstanding exemptions under any other statute to be read into it (1 Comp. Laws 1929, § 3640 *et seq.*).

Mandamus by Metropolitan Life Insurance Company, a New York corporation, to compel Harold E. Stoll, Wayne county register of deeds, to record a real estate mortgage without payment of the mort-

gage tax. Submitted June 2, 1936. (Calendar No. 39,044.) Writ denied September 2, 1936.

*Bulkley, Ledyard, Dickinson & Wright (Edward P. Wright* and *Edgar C. Howbert,* of counsel), for plaintiff.

*Sweetman G. Smith,* Assistant Prosecuting Attorney *(David H. Crowley,* Attorney General, *Edmund E. Shepherd* and *T. Carl Holbrook,* Assistants Attorney General, of counsel), for defendant.

Fead, J. Plaintiff prays writ of mandamus to compel defendant, register of deeds of Wayne county, to record a real estate mortgage, covering property in this State and running to plaintiff as mortgagee, without payment of the mortgage tax provided by 1 Comp. Laws 1929, § 3640, *et seq.,* as amended.

Plaintiff is a foreign life insurance company, admitted to do business in this State, and claims exemption from payment of the mortgage tax by virtue of 3 Comp. Laws 1929, § 12327, which requires it to pay a specific tax upon its business written in this State, in the amount of two per cent. on gross premiums, and further reads:

"Such specific taxes shall be in lieu of all other taxation, whether State or local, excepting for real estate owned by such companies within this State and securities deposited herein unless exempted under the general tax laws of the State."

We assume that the "securities deposited," referred to, are those required by 3 Comp. Laws 1929, § 12316, as amended by Act No. 163, Pub. Acts 1931,

to be deposited by the company with the State treasurer for the protection of policy holders.

The mortgage tax law, 1 Comp. Laws 1929, § 3641, provides:

"A tax of fifty cents for each one hundred dollars and each remaining major fraction thereof of the principal debt or obligation which is, or under any contingency may be, secured by a mortgage upon real property situated within this State recorded on or after the first day of January, nineteen hundred twelve, is hereby imposed on each such mortgage, and shall be collected and paid as hereinafter provided."

The act imposes a specific tax, requires its payment to the county treasurer, his certificate of payment as a condition precedent to record of the mortgage, and division of the tax equally between the State and county for the general fund purposes of each.

Originally the act provided for exemption from the tax of mortgages upon real estate owned and occupied by certain educational, military, benevolent, charitable, scientific and religious organizations, and a general exemption was made as to building and loan mortgages. By Act No. 14, Pub. Acts 1935, further exemptions were provided, as to mortgages running to governmental agencies, or insured under Federal laws, or owned by insolvent banks or trust companies, or owned by banks or trust companies taken over by State or Federal banking officials, conservators or receivers, or owned by bank or trust company liquidating organizations.

The mortgage tax law is Act No. 91, Pub. Acts 1911. The statute for payment of a specific tax by foreign life insurance companies, and their exemp-

tion from other taxes, is of long standing. The exemption once was more general than at present. It read:

"The specific tax herein provided for shall be in lieu of all other taxes in this State." 2 Comp. Laws 1897, § 7205; 2 Comp. Laws 1915, § 9338.

The scope of the exemption, as a matter of its own construction and without reference to other considerations, presents an interesting question. A general exemption of this sort extends to immunity from even city taxes as they are ordinarily assessed. *Attorney General* v. *Detroit Common Council,* 113 Mich. 388. It does not cover assessments for local improvements, *Doane* v. *Railway Co.,* 247 Mich. 542; *Buffalo City Cemetery* v. *City of Buffalo,* 46 N. Y. 506; nor license fees, *Oil City* v. *Oil City Trust Co.,* 151 Pa. 454 (25 Atl. 124, 31 Am. St. Rep. 770); nor a dog tax, *Hendrie* v. *Kalthoff,* 48 Mich. 306. In the latter case the court, in speaking of an exemption "in lieu of all other taxes" upon the property of said company, said:

"This precludes the ordinary taxation on property as assessed."

Perhaps the exemption ordinarily would be confined to taxes assessed in the routine manner and not extended to specially imposed taxes, at least when the taxes are not imposed except in case the taxpayer does a voluntary act which gives rise to the tax.

But other considerations are present which offer a more clear and certain ground upon which decision may rest. Reduced to essentials, the case is one of irreconcilable conflict of statutes, one declaring that no (other) tax may be imposed on plaintiff and the

other declaring that the mortgage tax is imposed on every mortgage recorded, with named exceptions which do not include plaintiff. The statutes are of equal dignity and force and both cannot be given full effect according to their terms.

It is the rule that where two laws *in pari materia* are in irreconcilable conflict, the one last enacted will control or be regarded as an exception to or qualification of the prior statute. 59 C. J. p. 1051. Upon such rule, the mortgage act would prevail because it was enacted after the exemption to foreign insurance companies and later amendments operated only to reduce their immunity.

But, in the last analysis, we think decision should rest upon the clear intention of the legislature that all mortgages not expressly excepted in the act are subject to the tax.

This intention clearly appears from the positive statement that the tax is ''imposed on each such mortgage;'' that, aside from building and loan mortgages, the original exceptions were based on the character of the mortgagor and no exception of a mortgagee was made; that no exception was made as to any of the several classes of corporations which pay specific taxes and are declared exempt from other taxation; that the later exceptions in 1935 were based upon considerations of public welfare; and that no exceptions have been made for the direct benefit of any private mortgagee.

That the act applies to corporations paying a specific tax and exempt from other taxation seems to have been assumed by the bar because, although the act has been in force for a quarter of a century, this case first voices a litigious doubt.

This court has recognized no other exceptions than those specifically stated in the law. Illustrative

instances of its view of the act are found in *Economy Power Co.* v. *Daskam,* 174 Mich. 402, in which it was held that where a mortgage had been recorded before the act had become effective, a supplemental instrument rendering subsequently acquired property subject to the whole debt could not be recorded without payment of the tax for the whole amount secured; in *Vassan* v. *Railway Co.,* 237 Mich. 464, that a tax on a mortgage issued by a railroad company was not a burden on interstate commerce and was payable; and in *Commerce Guardian Trust & Savings Bank* v. *State of Michigan,* 228 Mich. 316, where a mortgage was given on Michigan lands but executed in Ohio to an Ohio trustee, to secure bonds issued in Ohio and owned wholly by nonresidents of the State of Michigan, that the mortgage could not be recorded without payment of the tax. In the latter case the court discussed the character of the mortgage tax with particular relation to its effect upon a nonresident mortgagee who, of course, is beyond reach of the tax law of the State as to credits.

In the *Economy Power Company* and *Vassan Cases* the court gave weight to the fact that recording, with consequent imposition of the tax, is a voluntary act by the mortgagee, not necessary to the validity of the mortgage.

We think it clear that the legislature, in enacting the mortgage tax law, intended to and did cover the whole situation and left no outstanding tag ends of exemption under any other statute to be read into it.

Writ is denied, with costs.

North, C. J., and Wiest, Butzel, Bushnell, Edward M. Sharpe, and Toy, JJ., concurred. Potter, J., did not sit.