PEOPLE *v.* LOCKWOOD.

1. Criminal Law—Felonious Driving—Crippling Injury.
   The word ''cripple,'' as used in statute setting forth the offense of felonious driving, includes an injury which totally disabled the person injured for four months, notwithstanding that after a year complete recovery is found probable (Act No. 214, Pub. Acts 1931).

2. Statutes—Construction—Criminal Law.
   Criminal statutes must be strictly construed.

3. Criminal Law—Felonious Driving—Crippling Injury.
   Victim of defendant, charged with felonious driving, was crippled within meaning of the statute defining such offense where he was totally disabled for four months from comminuted fracture of collar bone and bruises on left side of body from shoulder to foot notwithstanding that there is not apt to be permanent disability (Act No. 214, Pub. Acts 1931).

Appeal from Genesee; Bishop (Clifford A.), J. Submitted April 13, 1944. (Docket No. 58, Calendar No. 42,055.) Decided May 17, 1944.

Frank Lockwood was convicted of felonious driving. Affirmed.

*Sherman M. Bean,* for appellant.

*Herbert J. Rushton,* Attorney General, and *Leon A. S. Seidel,* Special Prosecuting Attorney, for people.

Reid, J. The defendant and appellant was arrested in the city of Flint, Michigan, on March 2, 1941, charged with a violation of Act No. 214, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–500a, Stat. Ann. § 28.661), for an injury that day inflicted upon Kenneth Stange. The portion of the act which is important for the purposes of this appeal is as follows:

"Every person who drives any vehicle upon a highway carelessly and heedlessly in wilful and wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property and thereby injuring so as to cripple any person, but not causing death, shall be guilty of the offense of felonious driving."

The appeal requires a judicial construction of the word "cripple" as contained in the act. Appellant waived trial by jury and was tried before the circuit judge without a jury. On May 5, 1942, he was found guilty and sentenced under the act cited. Defendant's claim is that the injuries actually inflicted upon Kenneth Stange were not such as to cripple him within the meaning of the act.

The only portions of the testimony in the record pertain to the nature and extent of the injury suffered by Kenneth Stange. Under a concession made by the parties to this case, the other facts need not be considered. The important portions from the testimony of Dr. Don L. Bishop are as follows:

"*A.* * * * He (Kenneth Stange) had severe bruises on the left side of his body; * * * most marked about the left shoulder, over the left hip; and there was some up and down the left leg; particularly over the foot. * * * He had a fracture of the outer third of the collar bone or clavicle. * * * In the X-ray there were several fragments to this outer third that had been broken off from the shaft * * * a so-called comminuted fracture. * * * There was apparently some tissue and muscle * * * that had gotten in between the fragments, necessitating a longer period of healing [than?] that you normally see * * * it lessens, of course, the strength of the shoulder. * * * The man is still under treatment. * * * The cast * * * was left on about seven weeks * * * which was a little longer than we generally like to leave them on * * * for which time, of course * * * it was impossible for him to use that arm * * * I feel he should have been restricted, as far as using the arm, for approximately three months. * * * I am inclined to believe that that shoulder will be all right. * * * I am inclined to doubt that there will be (permanent effects). * * *

"*Q.* Doctor, is there a possibility that there will be permanent effects of some nature resulting from this injury? * * *

"*A.* Well, I think there is always a possibility of something of that kind happening."

The following is from the testimony of Kenneth Stange:

"I was in the hospital from the 2d to the 11th,— nine days.

"*Q.* For how long a period of time did you lay around the house?

"*A.* Well, just about three weeks before I could ever get up to go outside.

"*Q.* Now, how long was it before you returned to your employment?

"*A.* It was four months. * * * I go to work but I cannot work on my operation I was doing before I got hurt. They have given me easier operations; and of course now during the day, well, it gets tired at night, I don't know what to do with it when I get to bed; it gets tired."

Defendant contends that the word "cripple" should be given the same force and effect as though the word "maim" had been used, and that therefore the prosecution must show a permanent injury. There is nothing in the statute to indicate that the legislature intended to use the word "maim" instead of "cripple."

The word "cripple," used in this statute as a verb, originated from the verb "creep." The ancient meaning of the word was, to cause to creep, thus referring, of course, to the use of the legs. The transitive verb is defined in Webster's New International Dictionary (2d Ed.), as follows:

"(1) to deprive of the use of a limb, particularly of a leg or foot; to lame.

"(2) to deprive of strength, activity or capability for service."

"Word 'crippling' is equivalent of words, 'physical disability' and is defined as to deprive of use of limbs, particularly of leg or foot, to deprive of strength, activity or capability for service or use, and to disable." 10 Words & Phrases (Perm. Ed.), p. 544.

While the first portion of the first cited definition of the verb does not necessarily bring the injuries described in this case within its meaning, the second portion clearly does include such injuries. The correct construction includes an injury which totally disabled the person injured for four months, not-

withstanding that after a year complete recovery is found probable.

Criminal statutes must be strictly construed but even under a strict construction of this statute it was properly determined that a person who was injured as Kenneth Stange was described as having been injured was crippled within the meaning of the statute.

Conviction affirmed.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, and BOYLES, JJ., concurred.