PEOPLE *v.* FLYNN.

1. INDICTMENT AND INFORMATION—INDORSEMENT OF NAMES OF RES GESTAE WITNESSES.

Failure to indorse upon the information the names of persons, claimed by defendant to be *res gestae* witnesses, did not, under the circumstances of the case, amount to reversible error, where such indorsement was not requested by the defense before verdict and there is no showing that the defense was less aware at the time of trial than now of the existence and identity of the persons who assisted defendant in maliciously tipping over, and injuring, an automobile (CL 1948, §§ 750.377a, 767.40).

2. CRIMINAL LAW—STATUTES—MALICIOUS DESTRUCTION OF PROPERTY—AUTOMOBILES.

Statute declaring it to be a felony to wilfully and maliciously destroy or injure personal property of another where the damage exceeds $50 was applicable, where it appears defendant assisted in tipping over an automobile whereby damages

REFERENCES FOR POINTS IN HEADNOTES
[1] 27 Am Jur, Indictments and Informations, § 43.
[2, 3] 34 Am Jur, Malicious Mischief, §§ 10, 21.
[4] 53 Am Jur, Trial, § 488.

to the extent of $50 were incurred and such provision was en-
acted subsequently to provision making it a misdemeanor to
intentionally damage a motor vehicle (CL 1948, §§ 750.377a,
750.416).

3. SAME—STATUTES.

That a defendant might have been charged of crime under
another statute than that under which the crime charged was
laid does not .vitiate an information or render conviction
erroneous under an applicable statute.

4. SAME—OTHER OFFENSES—OPENING STATEMENT—CROSS-EXAMINA-
TION—EXPLANATION.

Reference by prosecuting attorney in his opening statement and
again in cross-examination to the fact that an automobile had
been tipped over previous to the one that defendant was
charged with having tipped over, accompanied by repeated
statements to the effect that defendant was not charged with
having anything to do with the first incident, did not constitute
reversible error at jury trial of defendant charged with felony
of malicious destruction of property (CL 1948, § 750.377a).

BUSHNELL and SHARPE, JJ., dissenting.

Appeal from Berrien; Westin (Edward A.), J.
Submitted October 13, 1950. (Docket No. 81, Cal-
endar No. 44,837.) Decided April 3, 1951.

Thomas Flynn was convicted of wilfully and ma-
liciously injuring property of another of value of
more than $50. Affirmed.

*Nicholas J. Rothe,* for appellant.

*Stephen J. Roth,* Attorney General, *Edmund E.
Shepherd,* Solicitor General, and *Joseph E. Killian,*
Prosecuting Attorney, for the people.

BUSHNELL, J. (*dissenting*). Defendant Thomas
Flynn, a UAW-CIO field representative, was among
the pickets who participated in a strike which had
been in progress for about 3 weeks at the Nylen Prod-

ucts Company, about 4 miles south of the city of St. Joseph. About 7:40 a.m., on August 18, 1948, Albert Howard, an employee, arrived at the plant in his automobile and attempted to drive through the main gate to go to work. Flynn, accompanied by other men, told Howard and Thomas Basey, who was riding with him: "I will give you — — — — 10 seconds to get out of here." Howard drove a little farther east on the road, and stopped. When he saw a sheriff's car he then turned around and drove west near the main gate. Some 20 or 30 men were ahead of him. Flynn, who was in the group, walked over and said:

"You want in eh?" Howard replied, "Yes." Flynn turned to the others and said: "Come on boys, let's tip the — — — — over." Howard's car was tipped over and damaged.

The sheriff of Berrien county, Erwin H. Kubath, testified that he went to the Nylen plant after receiving a telephone call. He found cars parked on both sides of the narrow graveled road, and a number of pickets. He asked Flynn what was going on. His subsequent testimony is summarized in the record as follows:

"Flynn said 'nothing.' He had a cigar in his mouth and he took it out of his mouth and pointed to the sky and said, 'It is a nice day, nice blue sky and the boys are having a picnic. Just having a little fun.' I said, 'Tom, it is a little rough for fun.' He said, 'Stick around and see.' I said, 'All right, I will.' About that time a car drove up from the east and Flynn left me and walked over to the car. Quite a large number of pickets had followed the squad car down to where I had walked and some of these pickets were in the way of the car and the driver couldn't proceed.    *    *    *

"When this car drove in Flynn left me and walked over to the driver of the car and said something I

couldn't hear. Just a short time later he walked up and called to the group of pickets, said, 'Come on boys, let's tip this —— —— —— —— over.' I shouted to Tom and said, 'If you tip that car over I will arrest you,' and he again shouted to the boys and I told the boys not to touch the car. Some of them hesitated and when he called the second time 12 or 15 of them left the main group and assisted Tom in tipping the car over.

"*Q.* Did you see Tom Flynn tip the car over?

"*A.* Yes, my eye was on him.

"*Q.* Did he put his hands on the car?

"*A.* Tried to tip it first himself and then shouted to the boys to come and help them tip it over."

Flynn was tried on an information in which he was charged with feloniously, wilfully and maliciously injuring by overturning and assisting in overturning an automobile, causing damage in excess of $50, contrary to PA 1941, No 51 (CL 1948, § 750.377a [Stat Ann 1949 Cum Supp § 28.609(1)]).

This statute is section 377a, ch 56 of the penal code, PA 1931, No 328, as amended, CL 1948, § 750.377a.

Prior to 1941, section 377 consisted of 1 paragraph only, and read:

"Any person who shall wilfully and maliciously kill, maim, or disfigure any horses, cattle, or other beasts, of another, or shall wilfully and maliciously administer poison to any such horses, cattle or other beasts, or expose any poisonous substance with intent that the same should be taken or swallowed by them, or who shall wilfully and maliciously destroy or injure the personal property of another, by any means not particularly mentioned or described in this section, shall be guilty of a felony."

In 1941, the legislature deleted certain language from this section and re-enacted the section by placing part of the deleted language in section 377a, so that sections 377 and 377a, on the day that Flynn is

said to have committed the offense with which he was charged, read as follows:

"Any person who shall wilfully and maliciously kill, maim, or disfigure any horses, cattle, or other beasts of another, or shall wilfully and maliciously administer poison to any such horses, cattle or other beasts, or expose any poisonous substance with intent that the same should be taken or swallowed by them, shall be guilty of a felony." (Section 377)

"Any person who shall wilfully and maliciously destroy or injure the personal property of another, by any means not particularly mentioned or described in the preceding section, if the damage resulting from such injury shall exceed $50.00, shall be guilty of a felony. If the damage done shall be $50.00 or less, such person shall be guilty of a misdemeanor." (Section 377a)

At the same session of the legislature, by Act No 209, another section was added, section 377b, and by Act No 190 changes were made in section 383. There are now 21 sections in the penal code which have to do with injury to property. See sections 377 to 394, inclusive, CL 1948, §§ 750.377 to 750.394 (Stat Ann and Stat Ann 1949 Cum Supp §§ 28.609 to 28.626). Some of these use the words "wilfully and maliciously," others, "maliciously," while others use the word "wilfully."

Flynn was convicted and sentenced to serve not less than 1½ years and not more than 4 years in the State prison, and to pay a fine of $750. He claims that he should have been charged with a violation of section 416 of the penal code (CL 1948, § 750.416 [Stat Ann § 28.648]). This section is in chapter 61 of the code and has to do with motor vehicles. It makes it a misdemeanor to "intentionally" damage a motor vehicle, and reads as follows:

"Any person shall be guilty of a misdemeanor, who shall:

"Intentionally and without authority from the owner, start or cause to be started the motor of any motor vehicle, or maliciously shift or change the starting device or gears of a standing motor vehicle to a position other than that in which it was left by the owner or driver of said motor vehicle; or

"Intentionally cut, mark, scratch or damage the chassis, running gear, body, sides, top, covering or upholstering of any motor vehicle, the property of another, or intentionally cut, mash, mark, destroy or damage such motor vehicle, or any of the accessories, equipment, appurtenances or attachments thereof, or any spare or extra parts thereon being or thereto attached, without the permission of the owner thereof; or

"Intentionally release the brake upon any standing motor vehicle, with intent to injure said machine or cause the same to be removed without consent of the owner: *Provided,* That this section shall not apply in case of moving or starting of motor vehicles by the police under authority of local ordinance or by members of fire departments in case of emergency in the vicinity of fire."

Defendant also contends that, by being prosecuted under section 750.377a instead of section 750.416, he was denied equal protection of the law under the provisions of the State and Federal Constitutions. He also claims that failure to call *res gestae* witnesses and references by the prosecutor to a previously committed offense not connected with the one charged or with the defendant, and admission of testimony relating thereto, constitute reversible error.

Flynn argues that he was singled out from a group and that other parties involved were not brought before the jury. *Res gestae* witnesses should be called if their testimony is reasonably necessary to protect the accused. *People* v. *Kayne,* 268 Mich 186,

194. But it is not necessary to indorse all *res gestae* witnesses, nor those whose evidence would be merely cumulative.* *People* v. *Kindra,* 102 Mich 147.

Under the circumstances there is no merit to this contention.

In his opening statement the prosecutor referred to the tipping over of another automobile a few minutes earlier. The defendant objected and requested a mistrial. The prosecutor said:

"We are not charging this respondent with having tipped over—we are not charging him with being connected with this first offense."

However, it was again brought up during the trial.

The people claim that this testimony was admissible to show why the sheriff was called to the scene. The obvious purpose was to show that the defendant was responsible for such acts.

"It does not comport with established procedure to accuse a person of one crime and then compel him to acquit himself of 2. The ultimate inference sought by the prosecutor was too dubious and labored to merit consideration, and the testimony was well calculated to prejudice the minds of the jury without carrying with it any proper evidence of defendant's guilt upon the particular charge made. This testimony was incompetent and highly prejudicial." *People* v. *Thompson,* 238 Mich 171, 176.

No attempt was made to connect the defendant with the prior offense. In view of the prosecutor's statement the admission of this testimony was error. Under the facts and circumstances of the instant case the rule stated in *People* v. *Kayne,* 268 Mich 186, 192, and *People* v. *Wright,* 315 Mich 81, is not applicable.

Defendant argues that he should have been charged under the "specific" act (section 416 of the

---

* See CL 1948, § 767.40 (Stat Ann § 28.980).—REPORTER.

penal code) instead of under the "general" act (section 377a), and that section 377a under the doctrine of *ejusdem generis* must be construed as applying only to damages to live stock.

Defendant relies upon the familiar rule of construction that when general words follow the enumeration of particular things those general words are to be construed as applicable only to the same kind as those specifically enumerated. *People* v. *Gould,* 237 Mich 156; *People* v. *Powell,* 280 Mich 699, 704 (111 ALR 721); and 2 Lewis' Sutherland, Statutory Construction (2d ed), p 814 *et seq.*

It is argued that, unless the legislature intended by the general words to go further, they must be limited to the specific things or modes previously enumerated. *McDade* v. *People,* 29 Mich 50, 52.

The State argues that the historical predecessor of CL 1948, § 750.377 (Stat Ann 1949 Cum Supp § 28.609[1]), which is section 52 of the Territorial Act,* entitled, "An Act for the Punishment of Crimes," contained in a single section many distinct offenses of malicious mischief, including malicious mischief to realty, personalty and property of a mixed nature, and that the 1941 legislature, by its Act No 51, completely separated a portion of the statute relating to personal property generally from that portion pertaining to animals only. The State also argues that the crime of "intentionally" damaging a motor vehicle (CL 1948, § 750.416 [Stat Ann § 28.-648]) is a lesser and different crime than "wilfully and maliciously" injuring the personal property of another, and that "motor vehicles" are necessarily included in that phrase.

The rule of *ejusdem generis* is especially applicable in the interpretation of statutes defining crimes and regulating their punishment. *People* v. *Powell,*

---

* 2 Terr Laws, p 554.—Reporter.

*supra.* In view of the following, however, it is not necessary to pass upon this question at this time.

The phrase "wilful and malicious" injury, as used in the bankruptcy act, and "everywhere in the law," according to *Peters* v. *United States, ex rel. Kelley,* 101 CCA 99 (177 F 885, 888), does not necessarily involve hatred or ill will as a state of mind, but arises from a "wrongful act done intentionally without just cause or excuse." See, in this connection, *Tinker* v. *Colwell,* 193 US 473, 485 (24 S Ct 505, 48 L ed 754); *Tytar* v. *Horbal,* 274 Mich 634, 637; and *Bonnici* v. *Kindsvater,* 275 Mich 304, 308.

Although the word "wilfully" involves more than negligence and implies malice, *Montgomery* v. *Muskegon Booming Co.,* 88 Mich 633, 644 (26 Am St Rep 308), nevertheless "wilful means intentional," *Nunn* v. *Drieborg,* 235 Mich 383, 386. See, also, *McKimmy* v. *Conductors Protective Assurance Co.,* 253 Mich 521, 523.

Criminal statutes must be strictly construed, *People* v. *Lockwood,* 308 Mich 618, and may not be extended beyond their plain terms by judicial construction, *People* v. *Silver,* 302 Mich 359, 367. See, also, *People* v. *Goulding,* 275 Mich 353, and *People* v. *Powell, supra.*

In *Crane* v. *Reeder,* 22 Mich 322, 334, the Court said—

"That where there are 2 acts or provisions, one of which is special and particular, and certainly includes the matter in question, and the other general, which, if standing alone, would include the same matter and thus conflict with the special act or provision, the special must be taken as intended to constitute an exception to the general act or provision."

See, also, *Winter* v. *Royal Oak City Manager,* 317 Mich 259, 265, and *Reed* v. *Secretary of State,* 327 Mich 108, 113.

This rule is applicable to the constitutional question raised by the defendant. If the people can prosecute a person for damaging an automobile under one statute and another person for a like act under another statute which imposes a lesser sentence, then there may be a denial of equal protection of the law.

In an interlocutory brief filed in the cause by the attorney general, it is stated that:

"In the case of People *v.* Harold Anderson, for instance, where the defendant 'tipped over a car' during a strike, he was prosecuted and convicted in the circuit court for the county of Berrien [the same county in which the instant case was tried] for the misdemeanor of interfering with a workman who had sought access to his regular place of employment, an offense defined by still another section of the code. Penal code, section 352 (CL 1948, § 750.352 [Stat Ann § 28.584]). This Court denied an application for leave to appeal, Cal. No. 44288½; the defendant obtained leave to appeal to the supreme court of the United States, October Term, 1948, Docket No. 698, attacking the constitutionality of section 352, *supra.* There, Michigan's motion to dismiss was granted and the appeal was dismissed for want of a substantial Federal question, *Anderson* v. *Michigan,* 336 US 957 (69 S Ct 893, 93 L ed 1111)."

The Court said in *Hartford Steam Boiler Inspection & Insurance Company* v. *Harrison,* 301 US 459, 461 (57 S Ct 838, 81 L ed 1223, 1225):

"It may be said generally that the equal protection clause means that the rights of all persons must rest under the same rule under similar circumstances."

See, also, *Yick Wo* v. *Hopkins,* 118 US 356 (6 S Ct 1064, 30 L ed 220), and *Skinner* v. *Oklahoma, ex rel. Attorney General,* 316 US 535 (62 S Ct 1110, 86 L ed 1655).

Defendant's conviction and sentence should be vacated and a new trial granted because the court erred in receiving testimony concerning the commission of another unconnected crime, the information was laid under the general rather than the specific section, and thus the constitutional rights of the defendant were violated.

The conviction and sentence should be vacated and a new trial should be granted, in conformity with this opinion.

SHARPE, J., concurred with BUSHNELL, J.

DETHMERS, J. I do not concur in reversal. I agree with Mr. Justice BUSHNELL that the non-indorsement upon the information of the names of certain persons, referred to by defendant on appeal as *res gestae* witnesses, did not, under the circumstances of this case, amount to reversible error, particularly because such indorsement was at no time before verdict requested by the defense and there is no showing that the defense was less aware at time of trial than now of the existence and identity of those persons, they having assisted defendant in tipping over the automobile.* See *People* v. *Fleisch,* 321 Mich 443, and *People* v. *Prescott,* 268 Mich 606.

I am not in accord with the conclusion that the information should have been laid under CL 1948, § 750.416 (Stat Ann § 28.648), which is a part of the penal code enacted in 1931 (No 328). Where the damage exceeded $50, defendant was properly charged with a felony in violation of CL 1948, § 750.-377a (Stat Ann 1949 Cum Supp § 28.609[1]), added to the penal code in 1941 by Act No 51. This later amendment declares it to be a felony for a person to wilfully and maliciously destroy or injure any

---

* See CL 1948, § 767.40 (Stat Ann § 28.980).—REPORTER.

personal property of another where the damage exceeds $50. The legislative intent is plain. If we were to agree that the two acts are in irreconcilable conflict, the later act would control. *Metropolitan Life Ins. Co.* v. *Stoll,* 276 Mich 637. In this connection of interest is the following from *People* v. *McHugh,* 286 Mich 336:

"That defendant might have been charged and convicted under PA 1931, No 328, § 174 (CLS 1935, § 17115–174, [CL 1948, § 750.174], Stat Ann § 28.371), as well as section 362 of that act, does not vitiate the information or render the conviction erroneous. *Williams* v. *United States,* 168 US 382 (18 S Ct 92, 42 L ed 509). There was testimony tending to show the statute was directly applicable to the offense with which defendant was charged."

I do not agree that reference by the prosecuting attorney, in his opening statement and in his cross-examination of defense witnesses, to the tipping over of another automobile at the place of and a few moments before the occurrence of the offense here involved constituted reversible error. The prosecuting attorney not only made the statement quoted in Justice Bushnell's opinion, disavowing any claim of connection between defendant and the previously committed offense, but also stated definitely, before the jury, "We don't claim any place this man (defendant) had anything to do with the first incident." The case of *People* v. *Thompson,* 238 Mich 171, quoted by Justice Bushnell, and other cases cited by defendant in this connection, *viz., People* v. *Moyer,* 77 Mich 571, *People* v. *Padgett,* 306 Mich 545, and *People* v. *McHugh, supra,* do not support defendant's claim of reversible error in this regard. In the *Thompson Case,* in which defendant was charged with keeping a place where intoxicating liquors were illegally stored and possessed, the admission of testi-

mony concerning his drunkenness during the previous year was held to be prejudicial. In the *Moyer Case* defendant was charged with receiving stolen goods. The prosecuting attorney's statement to the jury that he was prejudiced against the defendant because he had committed perjury in another court, and the trial court's apparent indorsement of that statement, were held to be reversible error. In the *Padgett Case,* we held reversible error the admission of testimony, in a murder case, that defendant had some 15 days before the murder committed an utterly unconnected robbery, the only issue of fact in the case having related to the identity of the killer. In the *McHugh Case,* evidence of defendant's commission of previous offenses was held properly admitted under CL 1948, § 768.27 (Stat Ann § 28.1050). It will be noted that in each of these cases the question pertained to the admissibility of evidence concerning offenses previously committed by the defendant. They do not hold, and we are cited to no authorities holding that reference by the prosecuting attorney to previous offenses committed by persons other than the defendant is prejudicial to the rights of the defendant so as to amount to reversible error, although it might be so in some cases and under certain circumstances. Defendant was charged with overturning an automobile feloniously, wilfully and maliciously. As touching on the question of whether the tipping of the automobile by defendant was felonious, wilful and malicious, evidence tending to show the situation then and there existing was material and admissible. Even though it were to be held, however, that testimony concerning the previous tipping of another automobile by other persons, at the scene of and shortly before the occurrence of the offense in question, was incompetent and immaterial and for that reason objectionable, it in nowise appears that the jury was or could have been improper-

ly influenced or defendant's rights prejudiced or impaired by the prosecuting attorney's reference to the offense previously committed by others coupled with his explanation that it was not claimed that defendant had any connection therewith. Prejudicial or reversible error did not occur in this connection.

The conviction is affirmed.

REID, C. J., and BOYLES, NORTH, BUTZEL, and CARR, JJ., concurred with DETHMERS, J.