CAPPS v MICHIGAN DEPARTMENT OF SOCIAL SERVICES

Docket No. 56334. Submitted December 7, 1981, at Grand Rapids.— Decided April 7, 1982. Leave to appeal applied for.

Charles E. Capps, Jr., and his family were recipients of Aid to Dependent Children benefits. Capps was required to participate in a work incentive program in order to qualify for continued benefits. He refused to participate in the program and ADC benefits were terminated for the entire family. The action was upheld by an administrative law judge and by the Emmet Circuit Court, Martin B. Breighner, J. Capps appeals, alleging that his refusal to participate in the program should result only in his own needs not being taken into account in the determination of the level of benefits and that benefits to his dependents should continue. *Held:*

The federal statutes pertaining to the termination of benefits for refusal of a parent to participate in a work incentive program set two standards for the aid of children of unemployed parents. Principles of statutory construction require that the more specific, and the later, provision should control. The administrative law judge, and the circuit court, did not err in upholding the termination of benefits to the entire family.

Affirmed.

T. M. Burns, P.J., dissented. He would hold that the legislative history of the later statute reveals that the later statute did not create a new sanction for failure of a parent to register with a work incentive program. The earlier statute still controls in this case, and the benefits to the claimant's family should not be denied. He would reverse.

Opinion of the Court

1. Statutes — Judicial Construction.
    A specific provision of a statute controls over a general provision.

References for Points in Headnotes
[1] 73 Am Jur 2d, Statutes § 257.
[2] 73 Am Jur 2d, Statutes §§ 255, 256.
[3, 4] 79 Am Jur 2d, Welfare Laws § 10.
[4] 73 Am Jur 2d, Statutes § 343.

2. STATUTES — JUDICIAL CONSTRUCTION.

The last expression of the Legislature will control where a conflict exists between two statutory provisions.

3. SOCIAL SERVICES — AID TO DEPENDENT CHILDREN — WORK INCENTIVE PROGRAMS.

Aid to Dependent Children may be terminated for an entire family, not just for the unemployed father, where the father refused to participate in a work incentive program where he is not otherwise exempt from such participation (42 USC 607[b][2][C][i]).

DISSENT BY T. M. BURNS, P.J.

4. SOCIAL SERVICES — AID TO DEPENDENT CHILDREN — WORK INCENTIVE PROGRAMS.

A state is required by federal statute to terminate aid to a parent under the Aid to Dependant Children program where the parent refuses without good cause to participate in a work incentive program but the state may not terminate the child's aid; the later amendment of a related statute providing for the termination of aid to the entire family did not create a new sanction for the parent's failure to register with a work incentive program (42 USC 602[a][19][F], 607[b][2][C][i]).

Legal Services of Northern Michigan (by *Gregory G. Justis*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Janis Meija* and *James D. Clark,* Assistants Attorney General, for defendant.

Before: T. M. BURNS, P.J., and R. B. BURNS and M. J. KELLY, JJ.

R. B. BURNS, J. In the present case the circuit judge upheld administrative law judge Charles Jones in an action brought pursuant to the Social Welfare Act, § 37, 1939 PA 280; MCL 400.37; MSA 16.437, and the Administrative Procedures Act, ch

6, 1969 PA 306; MCL 24.201 *et seq.;* MSA
3.560(101) *et seq.*

At issue in this appeal is whether or not the
Michigan Department of Social Services acted cor-
rectly on May 15, 1980, when Aid to Dependent
Children benefits (ADC) were terminated as to
Charles E. Capps, Jr., and his entire family be-
cause Mr. Capps refused to participate in the
Work Incentive Program (WIN). The benefits re-
ceived by Capps and his family, and the WIN
program, are provided for by a joint federal-state
program established by the Social Security Act,
Title IV-A, 42 USC 601-644 (1976), and applicable
regulations.

Judge Jones found the following material facts
and conclusions of law:

"(1) Claimant is a recipient of ADC for himself and
his family. Claimant's family consists of himself, his
wife Rita, their daughter Rebecca, and his stepdaughter
Deana. The basis of the deprivation for Rebecca is the
unemployment of her father, claimant. The basis of the
deprivation of Deana is the absence of the father from
the home.

"(2) On May 15, 1980 the department sent notice to
claimant that effective May 27, 1980 the ADC [benefits]
for himself and his whole family were closed because of
his refusal to participate in 60 day counseling. Claimant
received full ADC and Medicaid for all of May, but his
ADC and Medicaid were closed for June.

"(3) On June 9, 1980 the department reopened an
ADC case effective June 1, 1980 for claimant's step-
daughter Deana in the amount of $91 per month. Her
Medicaid was also reopened effective June 1, 1980.

"(4) On June 11, 1980 the department received a
request for hearing signed on behalf of claimant by his
attorney.

"(5) Claimant provided the department with docu-
mentation of his reregistration with WIN. ADC for
claimant, his wife, and Rebecca was reopened effective

June 16, 1980 and the Medicaid was reopened effective June 1, 1980.

"(6) Claimant is a mandatory WIN registrant. Rita and Rebecca have not been requested to register with WIN. Claimant was registered on November 28, 1979. He was also certified.

"(7) On April 3, 1980 WIN sent claimant a notice of intended deregistration. It informed him that unless he appealed the determination to a WIN hearings officer within ten days, he would be assigned to counseling for refusal to participate without good cause. It indicated that the sanction period was 30 days. Claimant did not appeal to a WIN hearings officer within ten days.

"(8) On April 15, 1980 WIN assigned claimant to 60 days counseling with a DSS services worker. On May 12, 1980 the services worker informed WIN that counseling was being terminated because claimant refused to participate. On May 13, 1980 WIN sent claimant a notice that effective May 13, 1980 he was being deregistered for refusal of the 60 day counseling.

\* \* \*

"The department administers the ADC program pursuant to MCL 400.10; MSA 16.410. The state administrative rules are found in 1979 AC, R 400.1-7 and 400.10-12. The federal authority is found at 42 USC 601 *et seq.,* and 45 CFR, Part 200. Departmental policies are found in the Assistance Payments Manual (APM).

\* \* \*

"The main issue in this case is the nature of the sanction when an unemployed father who is not exempt from WIN, who is registered and certified through WIN, and whose unemployment is the basis for his family's ADC, refuses to participate in WIN without good cause and is therefore deregistered from WIN. Claimant argues that the narrow sanctions contained in 42 USC 602(a)(19)(F)(i) and an earlier version of 45 CFR 224.51(a)(1) apply: That is, only the needs of the offending parent are removed from the grant, and the rest of the grant is made by restricted payments. Department policy, however, holds that the broad sanctions contained in 42 USC 607(b)(2)(C)(i) and in 45 CFR

233.100(a)(5)(i) apply: That is, ADC is denied for the whole family."

Judge Jones concluded that the department policy and the action taken was the correct interpretation of the federal statutes and regulations and upheld the sanctions imposed by the department. Aid for the entire family was terminated.

Claimant argues that 42 USC 602(a)(19)(F)(i) provides the sole sanction for refusing to participate under a work incentive program, namely, "[i]f the relative makes such refusal, *such relative's needs shall not be taken into account* in making the determination under clause (7), and aid for any dependent child in the family in the form of payments * * * will be made · * * *". (Emphasis added.)

Repondent argues that 42 USC 607(b)(2)(C)(i) supersedes 42 USC 602(a)(19)(F)(i) because it was enacted later and is more specific. 42 USC 607(b)(2)(C)(i) provides for the denial of aid:

"(i) if and for so long as such child's father, unless exempt under section 602(a)(19)(a) of this title, is not registered pursuant to such section for the work incentive program established under part C of this subchapter, or, if he is exempt under such section by reason of clause (iii) thereof or no such program in which he can effectively participate has been established or provided under section 632(a) of this title, is not registered with the public employment offices in the State." (Emphasis added.)

This is a case of first impression.

There are two basic rules of statutory construction. A specific provision of a statute controls over the general provision.[1] Where a conflict exists

---

[1] *National Labor Relations Board v Jones & Laughlin Steel Corp,* 301 US 1; 57 S Ct 615; 81 L Ed 893 (1937).

between two statutory provisions the last expression of the Legislature will control.[2] If we apply both of these rules of construction, 42 USC 607(b)(2)(C)(i) must control. 42 USC 602 sets a general standard for aid to dependent children whose fathers are unemployed.

Our review reveals that 42 USC 607 was passed after 42 USC 602 with the purpose of specifically controlling the standards of unemployed parents. The interpretation that 42 USC 607 supersedes 42 USC 602 is consistent with the governmental policy of creating an incentive for able-bodied people to work when possible.

Affirmed. No costs, a public question.

M. J. Kelly, J., concurred.

T. M. Burns, P.J. *(dissenting).* Respectfully, I dissent for the reason that respondent's deregistration sanction violates the provisions of 42 USC 602(a)(19)(F).

That statutory provision provides:

"A State plan for aid and services to needy families with children must * * * provide * * * that if * * * any child, relative or individual has been found by the Secretary of Labor under section 633(g) of this title to have refused without good cause to participate under a work incentive program * * * or to have refused without good cause to accept employment in which he is able to engage which is offered through the public employment offices of the State * * * if the relative makes such refusal, such relative's needs shall not be taken into account in making the determination under clause (7), and aid for any dependent child in the family in the form of payments * * * will be made * * *."

This statute does not restrict itself to general AFDC benefits and its provisions deal specifically

---

[2] *People v Flynn,* 330 Mich 130; 47 NW2d 47 (1951).

with the situation presented in this case. Under this statute, a state must terminate the parent's aid where the parent refuses without good cause to participate in a work incentive program. However, the state may not terminate the child's aid. This statute can only be interpreted in the manner that claimant urges as was recognized by the 8th Circuit Federal Court of Appeals in *Davis v Reagen,* 630 F2d 1299, 1302 (CA 8, 1980):

"Congress first added an unemployed parent's provision to the AFDC in 1961. * * * This statute required that a state's AFDC plan provide for cooperative arrangements with state public employment agencies, including registration and periodic reregistration by unemployed parents, so that these parents might find employment. * * * In short, benefits to the entire family would be terminated if the unemployed parent refused an offer of employment.

\* \* \*

"[T]he amendment repealed the previous statutory provisions governing cooperation with state employment agencies and sanctions for refusing work. In their place, the amended statute provided for referral (later, certification) of unemployed parents to the Secretary of Labor under a newly created comprehensive work incentive (WIN) program. * * *

"Under the WIN program, the sanction for nonparticipation or refusal of a job offer is termination of benefits only to the family member who refused to participate or accept the offer. * * * The limited nature of this sanction reflects a legislative compromise between the Senate and the House; the House version of the bill provided for termination of benefits to the entire family if and for so long as the unemployed parent refused to accept employment."

The majority opinion in this case ignores this legislative history. In fact, this interpretation of § 602(a)(19)(F) can be reconciled with the provi-

sions of 42 USC 607(b)(2)(C)(i) if the latter section is read only as applied to initial entering requirements. That is, a person is ineligible for aid under the act unless he first registers with a work incentive program. By interpreting § 602 as it does, the majority opinion reinstates the very sanction that was rejected by Congress in the 1967 amendment.

While it is true as the majority states that the present text of § 607 was more recently enacted than that of § 602, the 1976 amendment to § 607 did not substantially alter the prior language of this statute or provide for a new sanction for failure to register with a work incentive program. In pertinent part, the present provisions of § 607(b)(2)(C)(i) provide:

"for the denial of aid to families with dependent children to any child or relative specified in subsection (a) of this section—

"(i) if and for so long as such child's father, unless exempt under section 602(a)(19)(A) of this title, is not registered pursuant to such section for the work incentive program established under part C of this subchapter, or, if he is exempt under such section by reason of clause (iii) thereof or no such program in which he can effectively participate has been established or provided under section 632(a) of this title, is not registered with the public employment offices in the State * * *."

Prior to the 1976 amendment, this statute provided:

"for the denial of aid to families with dependent children to any child or relative specified in subsection (a) of this section—

"(i) if, and for so long as, such child's father is not currently registered with the public employment offices in the State * * *."

Thus, the 1976 amendment of § 607 did not change its substance, rather, it added certain exceptions to the registration requirement. For this reason, the majority's reliance upon the rule of statutory construction that the most recent enactment prevails over a conflicting and older statutory provision has no basis. In this case, the 1976 amendment to § 607 did not create a new sanction for failure to register with a work incentive program.

The purpose of the 1967 amendment of § 602 as explained by the Court in *Davis v Reagen* is thwarted by the majority's interpretation of these statutes. The question of whether a parent's failure to register with a work incentive program should disqualify his or her entire family from benefits is a matter of policy within the exclusive domain of the legislative branch of government. Congress rejected this sanction in the 1967 amendment to § 602. The majority opinion judicially enacts this policy that Congress has rejected.

I dissent and would reverse. The respondent Department of Social Services may not deny AFDC benefits to claimant's family for his failure to participate in a work incentive program because the Congress repudiated this sanction in the 1967 amendment to § 602.